**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS ROBERT VECCHIO,

     Plaintiff,

                             CASE NO.

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, AFFIRM,
INC., and THE BANK OF
MISSOURI,

     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, THOMAS ROBERT VECCHIO (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), AFFIRM, INC. (hereinafter "Affirm"), and THE BANK OF MISSOURI (hereinafter "TBOM") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Pinellas County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Affirm is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

20.     Affirm is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Affirm furnished information about Plaintiff to the CRAs that was inaccurate.

22.     TBOM is an FDIC insured state-chartered bank headquartered at 916 N Kings Highway, Perryville, Missouri 63775 that upon information and belief conducts business in the State of Florida.

23.     TBOM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     TBOM furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

25.     Plaintiff is alleged to owe a debt to Affirm as to a credit account, partial account number CYKM**** (hereinafter "Affirm Account"). Plaintiff does not have

an Affirm account, and he never applied or gave permission to anyone to apply using his information for the Affirm Account.

26.     Plaintiff is alleged to owe a debt to TBOM as to a Fortiva credit card, account number ending in x6442 (hereinafter "TBOM Account").  Plaintiff does not have a TBOM account, and he never applied or gave permission to anyone to apply using his information for the TBOM Account.

27.     In or about November 2022, Plaintiff became aware of a hard inquiry on his credit file which he did not authorize. Shortly thereafter, Plaintiff became aware of the unauthorized TBOM Account being opened on his credit file.

28.     Upon information and belief, Plaintiff believes he is a victim of identity theft.

29.     Shortly thereafter, Plaintiff contacted TBOM who confirmed the TBOM Account was opened with his Social Security number and but with a difference phone number and email that did not belong to him.

30.     On or about June 29, 2023, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), informing them that he believed he was a victim of identity theft due to the fraudulent inquiry and TBOM Account appearing on his credit file.

31.     In or about October 2023, Plaintiff disputed the TBOM Account online with Trans Union.

32.     On or about October 24, 2023, Trans Union responded to Plaintiff's online dispute by stating the TBOM Account was verified as accurate.

33.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

34.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

35.     Upon information and belief, Trans Union notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

36.     On or about November 6, 2023, Plaintiff obtained copies of his credit reports. Upon review, Plaintiff observed hard inquiries that did not belong to him. Further, the TBOM Account continued to be reported with a status of past due and a balance of $2,466. The TBOM Account was also appearing three (3) times on Plaintiff's Experian credit report. Further, Plaintiff observed another account on his Experian credit report, which was not his, the Affirm Account, and that account was reported with a status of past due and in collections with a balance of $198.

37.     On or about November 7, 2023, Plaintiff filed a second identity theft report with the Federal Trade Commission (hereinafter "FTC"), informing them that

he believed he was a victim of identity theft due to the fraudulent TBOM Account and Affirm Account appearing on his Experian credit report.

38.    Due to the inaccurate reporting, on or about November 15, 2023, Plaintiff mailed a detailed written dispute letter to Equifax, Experian, and Trans Union. In that letter, Plaintiff explained that hard inquiries which were not his were appearing on his credit report. Further, Plaintiff explained the TBOM Account and Affirm Account did not belong to him and were most likely the result of identity theft. In the letter, Plaintiff included a copy of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous reporting, images of both of his filed FTC Identity Theft Report Number 161301338 and Number 166259735, and other supporting documents.

39.    Plaintiff mailed his written dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1039 3237 09), Experian (9589 0710 5270 1039 3236 86), and Trans Union (9589 0710 5270 1039 3236 93).

40.    On or about November 21, 2023, Trans Union responded to Plaintiff's detailed dispute letter by stating his identity theft block request was not valid because the request was missing essential personal identifying information, despite Plaintiff having included images of his driver's license and Social Security card.

41.    On or about November 27, 2023, Experian responded to Plaintiff's detailed dispute letter via an email which stated his identity theft block request was

not processed because they required additional personal identifying information, despite Plaintiff having included images of his driver's license and Social Security card.

42.    On or about December 15, 2023, Experian responded to Plaintiff's detailed dispute letter by stating hard inquiries were removed from his credit file. Further, the Affirm Account was verified as accurate and remained on his credit report. Additionally, although the duplicate TBOM Accounts were removed, the original TBOM Account verified as accurate and updated.

43.    Despite providing Experian with all the relevant information needed to prove the Affirm Account and TBOM Account were fraudulent and unauthorized, Experian continued to report the inaccurate accounts.

44.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnishers.

45.    Experian never attempted to contact Plaintiff during the alleged investigation.

46.    Upon information and belief, Experian notified Affirm of Plaintiff's dispute. However, Affirm failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

47.     Upon information and belief, Experian notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

48.     On or about December 16, 2023, Trans Union responded to Plaintiff's detailed dispute by stating the TBOM Account was verified as accurate.

49.     Despite providing Trans Union with all the relevant information needed to prove the TBOM Account was fraudulent and unauthorized, Trans Union continued to report the inaccurate account.

50.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

51.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

52.     Upon information and belief, Trans Union notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

53.     Plaintiff never received dispute results in the mail from Equifax. On or about December 3, 2023, Plaintiff obtained an updated copy of his Equifax credit

report and observed a comment on the TBOM Account which stated, "Reinvestigation in Progress".

54. On or about January 11, 2024, Plaintiff obtained another copy of his Equifax credit report and observed the TBOM Account continued to appear with an updated status of "150 days past due/closed by grantor" and an updated balance of $2,746.

55. On or about January 17, 2024, Plaintiff called Equifax to obtain his dispute results and was advised the TBOM Account was verified as accurate.

56. Despite providing Equifax with all the relevant information needed to prove the TBOM Account was fraudulent and unauthorized, Equifax continued to report the inaccurate account.

57. Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnishers.

58. Equifax never attempted to contact Plaintiff during the alleged investigation.

59. Upon information and belief, Equifax notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

60.    On or about January 11, 2024, Plaintiff obtained updated copies of his credit reports. Upon review, Plaintiff observed hard inquiries which he did not authorize and did not belong to him. Plaintiff also observed the TBOM Account continued to appear on all credit reports with a status of closed/past due with an updated balance of $2,746. Further, Experian continued to report the Affirm Account with a status of collection and balance of $198.

61.    Despite Plaintiff's best efforts to have the fraudulent TBOM Account and Affirm Account removed, the CRAs continued to report the fraudulent accounts to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

62.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

63.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

64.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the error;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

iv.   Loss of the ability to benefit from lower interest rates; and

v.   Apprehensiveness to apply for credit due to the fear of rejection.

### CAUSES OF ACTION

### COUNT I
**Violations of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

65.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

66.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

68.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

69.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

70.     The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

71.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

72.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

73.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

74.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

75.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.     Equifax violated its own policies and procedures by not removing the fraudulent account when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

77.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

78.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
**Violation of 15 U.S.C. § 16811i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

79.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

80.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving

notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

81.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

82.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

83.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

84.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C. § 16811i as to**
**Defendant, Equifax Information Services LLC (Willful)**

85.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

86.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

87.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

88.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

89.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

90.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **COUNT V**
### **Violations of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Experian Information Solutions, Inc. (Negligent)**

91.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

92.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

93.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

94.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

95.     Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

96.     The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

97.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

98.     Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

99.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

100.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

101.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

102.   Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

103.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

104.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C. § 1681Ii as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

105.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

106.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

107.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

108.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

110.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violation of 15 U.S.C. § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

111.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

112.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

113.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

114.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

117.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

118.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

119.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

120.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

121.   Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

122.   The conduct, action and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

123.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT X**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

124.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

125.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

126.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

127.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

128.   Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Reports, which contained sworn testimony of the fraud.

129.   The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

130.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XI
**Violation of 15 U.S.C. § 16811i as to**
**Defendant, Trans Union LLC (Negligent)**

131.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

132.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

133.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

134.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

136.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

137.   Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

138.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

139.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

140.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

142.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Affirm, Inc. (Negligent)

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

144.   Affirm furnished inaccurate account information to the CRAs, including but not limited to Experian, and through the CRAs to all of Plaintiff's potential lenders.

145.   After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

146.   Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the account was fraudulent.

147.   Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

148.   Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

149.   As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

150.   The conduct, action, and inaction of Affirm was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

151.   Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual damages against Defendant, AFFIRM, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Affirm, Inc. (Willful)

152.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

153.   Affirm furnished inaccurate account information to the CRAs, including but not limited to Experian, and through the CRAs to all of Plaintiff's potential lenders.

154.   After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

155.   Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the account was fraudulent.

156.   Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

157.   Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

158.   As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

159.   The conduct, action, and inaction of Affirm was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

160.   Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AFFIRM, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, The Bank of Missouri (Negligent)

161.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

162.   TBOM furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

163.   After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

164.   Plaintiff provided all the relevant information and documents necessary for TBOM to have identified that the account was fraudulent.

165.   TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TBOM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

166.   TBOM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

167.   As a direct result of this conduct, action, and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

168.   The conduct, action, and inaction of TBOM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

169.   Plaintiff is entitled to recover costs and attorney's fees from TBOM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual damages against Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, The Bank of Missouri (Willful)

170.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

171.   TBOM furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

172.   After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

173.   Plaintiff provided all the relevant information and documents necessary for TBOM to have identified that the account was fraudulent.

174.   TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TBOM by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

175.   TBOM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

176.   As a direct result of this conduct, action, and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

177.   The conduct, action, and inaction of TBOM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

178.   Plaintiff is entitled to recover costs and attorney's fees from TBOM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **<u>JURY DEMAND</u>**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THOMAS ROBERT VECCHIO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, AFFIRM, INC., and THE BANK OF MISSOURI, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of January 2024.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066

The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*